## UNITED STATES v. PANCHELLA.
### No. 7998.

District Court, E. D. Pennsylvania.
Oct. 29, 1941.

Gerald A. Gleeson, U. S. Atty., and Francis W. Sullivan, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

B. Nathaniel Richter, of Philadelphia, Pa., for defendant.

BARD, District Judge.

The defendant was indicted under sections 147, 150 and 151 of the Act of Congress of March 4, 1909, c. 321, 35 Stat. 1115, 18 U.S.C.A. §§ 261, 264 and 265, for unlawfully possessing and uttering a counterfeit obligation of the United States. He was duly tried before, and found guilty by, a jury, and now moves for a new trial and for a directed verdict for the defendant.

Twenty-two reasons for a new trial have been filed. With one exception, they seem devoid of merit. The one exception alluded to complains of the inadequacy of the Court's charge on alibi. The Court in its charge said: "The defendant, in denying his presence at the cigar store where the government's witnesses said that he passed the counterfeit bill, is presenting in law what is called an alibi. While as I said before the burden is on the Government to prove all the elements of the offense with which the defendant is charged, this does not free the accused from the burden of proving the alibi which he presents here as a defense. The presumption of the defendant's innocence does not extend so far as to force the presumption that the alibi he offers is true in fact. It is for you to consider this evidence of an alibi with all the other evidence in the case and from it to arrive at a verdict that is fair and just."

In every criminal case it is necessary, before a conviction can be obtained, for a jury to believe the Government's evidence beyond a reasonable doubt. However, in Pennsylvania the measure of proof required for the defense of alibi is simply that it shall be satisfactory to the jury or established merely by a preponderance of the evidence. Commonwealth v. Andrews, 234 Pa. 597, 604, 83 A. 412; Commonwealth v. Jordan, 328 Pa. 439, 446, 196 A. 10, 13. In the Jordan case it was said at page 446, of 328 Pa., page 13 of 196 A.: "It is equally well settled that, where an alibi defence is presented, a failure, even in the absence of a specific request, to instruct the jury as to the degree of persuasion required is reversible error, for the reason that the jury is not furnished with a standard for determining the legal value of the evidence. 'The defendant had a right, even though no request was made for the instruction, to have the jury fully advised as to the difference between the burden resting upon the commonwealth to establish guilt, and that resting on the defendant with respect to the alibi set up.' Commonwealth v. Andrews, supra, page 604 of 234 Pa., 83 A. 412, 414. 'The law of our state requires specific instructions to be given relative to the burden of proof in an alibi, and the degree of persuasion necessary to support a conclusion that the accused was not at the place where the crime was committed.'" I think it was reversible error to fail to instruct the jury as to the degree of persuasion required to prove an alibi.

The motion for a directed verdict for the defendant is denied. The defendant's motion for new trial is granted.